**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **BILLY BERRYMAN,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | Case No. 08-CV-385-TCK-FHM |
| ) | |
| **DONNIE COFFMAN, Facility Head,** ) | |
| **in Individual and Official Capacity; et al.,** ) | |
| ) | |
| **Defendants.** ) | |

## **OPINION AND ORDER**

This is a 42 U.S.C. § 1983 civil rights action commenced on July 1, 2008, by Plaintiff, a state prisoner appearing *pro se*. The Court granted Plaintiff leave to proceed *in forma pauperis* (Dkt. # 3). Defendant Avalon Correctional Services, Inc. ("ACS") prepared and filed a Special Report (Dkt. # 24). Before the Court are motions to dismiss filed by Defendants Coffman, Adkins, and ACS (Dkt. #s 25, 26, and 27). In addition, Plaintiff filed a motion to strike (Dkt. # 31) the Special Report and motion to dismiss filed by ACS. For the reasons discussed below, the Court finds Plaintiff's motion to strike shall be denied and Defendants' motions to dismiss shall be granted.

### *BACKGROUND*

In a prior Order filed October 20, 2008 (Dkt. # 10), the Court summarized the allegations of the complaint. That summary shall be repeated here. The events giving rise to Plaintiff's claims occurred at the Riverside Intermediate Sanction Unit ("RISU"), located in Tulsa, Oklahoma. At the time he filed his complaint, Plaintiff was incarcerated at the Dick Conner Correctional Center, located in Hominy, Oklahoma. In the "Nature of Case" section of the complaint, Plaintiff writes that on January 16, 2008, Defendants Adkins, Barnes, and Gatewood, all employees at RISU, conspired to allow four (4) black inmates, Defendants Lottie, Nelson, Debose, and Lane, to assault him. See

Dkt. # 1. Plaintiff claims that the facility head, Defendant Coffman, failed to stop the assault, failed to secure the scene of the assault, failed to investigate, failed to take disciplinary action against his assailants, and failed to contact Internal Affairs and/or the Oklahoma Bureau of Investigation. Id. Based on those facts, Plaintiff identifies four (4) claims, as follows:

Count 1: Failure to protect and conspiracy, facility officials encouraged attack and incited the assault.
Ms. Barnes and Lt. Gatewood conspired together to un-lock the segregated housing units cell doors to allow the four (4) black inmates to go to the plaintiff's cell to assault the plaintiff in his cell. Lt. Gatewood was the guard in charge and was the person who "popped" the door locks at the direction of Ms. Barnes on Cell 2 and Cell 5 to allow the four (4) black inmates to assault plaintiff Berryman in his own segregation cell.

Count 2: Failure to protect, deliberate indifference.
Mr. Donnie Coffman was knowledgeable of the incident and did not follow any set procedure or policy as prescribed by the Oklahoma Department of Corrections or ACA (American Corrections Association) standards. Mr. Coffman did nothing to stop the assault or investigate the assault after the fact. No disciplinary action was ever taken by the facility head Donnie Coffman or by the facility personnel in regards to the assailants that perpetrated the assault/crime.

Count 3: Violation of constitutional right to be free from cruel and unusual punishment.
Mr. Coffman and the defendants violated the cruel and unusual punishment clause of the U.S. Constitution by allowing the assault to go unwarranted by contacting the Oklahoma Department of Corrections Internal Affairs division to have the incident investigated as a crime scene. Thus, allowing the criminal act to be covered up by the facility personnel. The Riverside Avalon Intermediate Sanction Unit personnel failed to abide by the policies set forth by the Oklahoma Department of Corrections that apply to all contract facilities as well as the state corrections system.

Count 4: Abuse of authoritative position.
Ms. Barnes & Lt. Gatewood abused their authority by conspiring and acting in concert one with the other and along with the four (4) black inmates to assault plaintiff, Billy Berryman. Therefore, Lt. Gatewood

>at the direction of Ms. Barnes opened the doors of Cell 2 and Cell 5 thus, allowing the inmates to carry-out the assault upon plaintiff Berryman.

(Dkt. # 1). In his request for relief, Plaintiff asks for compensatory and punitive damages, and that the Court direct further investigation and the filing of criminal charges. Id.

### *PRELIMINARY CONSIDERATIONS*

First, the Court finds no basis for striking the Special Report and motions to dismiss as urged by Plaintiff in his motion to strike (Dkt. # 31), a request coupled with Plaintiff's responses to the motions to dismiss. See Fed. R. Civ. P. 12(f) (providing that a court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter). Therefore, Plaintiff's motion to strike shall be denied.

Next, by Order filed October 20, 2008 (Dkt. # 10), prior to service of process, the Court dismissed Defendants Gus Lane, Shama Lottie, Deyante Nelson, Ms. Pitts, Riverside Intermediate Sanction Unit, Ms. Cherry, and Kevin Debose pursuant to 28 U.S.C. § 1915A and § 1915(e)(2)(B) for failure to state a claim upon which relief may be granted. The Court further directed service of process as to the remaining defendants.

By Order filed June 18, 2009 (Dkt. # 43), the Court reviewed the procedural history of this matter and determined that Plaintiff had failed to effect service of process as to Defendants Gatewood and Barnes. Therefore, the Court directed Plaintiff to file a response, on or before July 3, 2009, demonstrating good cause for his failure to effect service of process upon those defendants within the time period established by the Court under Fed. R. Civ. P. 4(m). The Court further directed that should Plaintiff fail to file a response by the deadline, Defendants Gatewood and Barnes would be dismissed from this action without prejudice as a result of Plaintiff's failure to

effect service. The deadline has passed and Plaintiff has failed to file a response as directed by the Court. Therefore, Defendants Gatewood and Barnes shall be dismissed without prejudice as a result of Plaintiff's failure to effect service of process. The Court notes that Counts 1 and 4 of the complaint as set forth above relate only to conduct by Defendants Gatewood and Barnes. Claims asserted in those counts are hereby dismissed without prejudice.

## *ANALYSIS*

To avoid dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6), a complaint must present factual allegations, assumed to be true, that "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). The complaint must contain "enough facts to state a claim to relief that is plausible on its face." Id. at 570. A court must accept all the well-pleaded allegations of the complaint as true, even if doubtful in fact, and must construe the allegations in the light most favorable to the plaintiff. Id. at 555. However, "when the allegations in a complaint, however true, could not raise a [plausible] claim of entitlement to relief," the cause of action should be dismissed. Id. at 558.

A *pro se* plaintiff's complaint must be broadly construed under this standard. Erickson v. Pardus, 551 U.S. 89, 94 (2007); Haines v. Kerner, 404 U.S. 519, 520 (1972). The generous construction to be given the *pro se* litigant's allegations "does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based." Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). A reviewing court need not accept "mere conclusions characterizing pleaded facts." Bryson v. City of Edmond, 905 F.2d 1386, 1390 (10th Cir. 1990); see also Twombly, 550 U.S. at 555 ("While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his

entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." (quotations and citations omitted)). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." Whitney v. New Mexico, 113 F.3d 1170, 1173-1174 (10th Cir. 1997).

## A. Defendant Coffman

Defendant Coffman was the facility administrator at the time of the events giving rise to Plaintiff's claims. In Count 2 of the complaint, Plaintiff asserts that Defendant Coffman "was knowledgeable of the incident" and did not properly investigate or report the incident. See Dkt. # 1 at 6. In Count 3, Plaintiff asserts that facility officials, including Defendant Coffman, allowed "the criminal act to be covered up by the facility personnel." Id. It is well established that under § 1983, a defendant may not be held liable under a theory of respondeat superior. See Worrell v. Henry, 219 F.3d 1197, 1214 (10th Cir. 2000); Gagan v. Norton, 35 F.3d 1473, 1476 n.4 (10th Cir. 1994). Instead, to establish supervisory liability, a plaintiff must show that "an affirmative link exists between the [constitutional] deprivation and either the supervisor's personal participation, his exercise of control or direction, or his failure to supervise." Worrell, 219 F.3d at 1214 (quoting Meade v. Grubbs, 841 F.2d 1512, 1527 (10th Cir. 1988) (quotation omitted) (alternation in original)); Mitchell v. Maynard, 80 F.3d 1433, 1441 (10th Cir. 1996); Trujillo v. Williams, 465 F.3d 1210, 1227-29 (10th Cir. 2006) (a defendant's direct personal responsibility for the claimed deprivation of a constitutional right must be established in order for liability to rise under § 1983).

In this case, Plaintiff has failed to allege the existence of an "affirmative link" between the conduct of Defendant Coffman and the alleged constitutional violations. He does not allege that Defendant Coffman participated in the opening of the cell doors or that he had advanced notice of

5

the opening of the cell doors or that he turned a blind eye to the opening of the cell doors. Nothing in the complaint suggests that Defendant Coffman was present at the time of the assault. As a result, Plaintiff's complaint fails to state a claim as to Defendant Coffman's role in the opening of the cell doors.

Plaintiff also alleges that Defendant Coffman failed to conduct a proper investigation or notify proper authorities. See Dkt. # 1 at 3-6. In response to the motion to dismiss, Plaintiff acknowledges, however, that an investigation was undertaken. See Dkt. # 30. As a result of the investigation, Inmate Gus Lane received disciplinary action, Defendant Gatewood's employment was terminated, and Defendant Barnes was suspended for two (2) days without pay and reassigned to another post. Nonetheless, Plaintiff claims that Defendant Coffman's failure to contact the District Attorney's Office to pursue the filing of criminal charges constitutes a cover-up and a violation of his constitutional rights. The Court disagrees. Even if no criminal charges were filed against any named defendant in this action, that failure does not rise to the level of violation of Plaintiff's constitutional rights. See Jones v. Orth, 242 F.3d 389 (10th Cir. 2000) (unpublished) (stating that "[a] private individual has no federal right to the prosecution of another").

Plaintiff's complaint fails to state a claim upon which relief may be granted as to Defendant Coffman. Therefore, Defendant Coffman's motion to dismiss shall be granted.

**B. Defendant Adkins**

None of the conduct complained of by Plaintiff in Counts 2 and 3 of the complaint, the only counts remaining before the Court, relate in any way to acts or omissions of Defendant Adkins. In the "Nature of Case" section of the complaint, however, Plaintiff alleges that Defendant Adkins

6

cursed at him prior to his argument with Defendant Barnes.[1]  See Dkt. # 1 at 3.  Plaintiff further alleges that Defendant Adkins, along with Defendant Gatewood, responded to his request for medical treatment following the entry of the other inmates into his cell, and that both Defendants Adkins and Gatewood were "smiling."  Id. at 4.  Plaintiff also complains that Defendant Adkins wrote a misconduct report against Plaintiff for disrespecting her.

After careful review of the complaint, the Court finds that none of the allegations against Defendant Adkins rises to the level of a constitutional violation.  Nothing in the complaint suggests that Defendant Adkins had anything to do with the opening of the cell doors. Plaintiff has not alleged any direct involvement or an affirmative link on the part of Defendant Adkins.  See Ledbetter v. City of Topeka, 318 F.3d 1183, 1187-88 (10th Cir. 2003).  Furthermore, even if Defendant Adkins "cursed" at Plaintiff, such conduct does not state a cause of action since allegations of verbal abuse do not present an actionable § 1983 claim. See McBride v. Deer, 240 F.3d 1287, 1291 n. 3 (10th Cir. 2001) (taunts and threats are not an Eighth Amendment violation); Oltarzewski v. Ruggiero, 830 F.2d 136 (9th Cir. 1987) (supervisor's use of vulgar language does not give rise to liability under § 1983); Rivera v. Goord, 119 F.Supp.2d 327, 342 (S.D. N.Y. 2000) (verbal harassment does not violate inmate's constitutional rights); Prisoners' Legal Ass'n v. Roberson, 822 F.Supp. 185, 189 (D. N.J. 1993) ("[V]erbal harassment does not give rise to a constitutional violation enforceable under § 1983."). Lastly, Plaintiff's complaint that Defendant Adkins wrote a misconduct report against him does not rise to the level of a constitutional violation.

Plaintiff's complaint fails to state a claim upon which relief may be granted as to Defendant Adkins.  Therefore, Defendant Adkins' motion to dismiss shall be granted.

---

[1] Plaintiff alleges that Defendant Adkins called him a "son of a bitch."  See Dkt. # 1 at 3.

**C. Defendant Avalon Correctional Services, Inc.**

Defendant ACS has contracted with the Oklahoma Department of Corrections to provide housing, care, and control of offenders. Thus, ACS and its employees are subject to liability under § 1983 for the constitutional violations alleged in this case. See West v. Atkins, 487 U.S. 42, 54-57 (1988) (holding that a private doctor treating prisoners under a contract with state prison authorities acted under color of state law for purposes of § 1983 suit alleging Eighth Amendment violation). However, Defendant ACS cannot be held liable under § 1983 based on the doctrine of respondeat superior. See Brammer-Hoelter v. Twin Peaks Charter Acad., 492 F.3d 1192, 1211 (10th Cir. 2007) ("It is true that § 1983 liability for an entity cannot be predicated on respondeat superior."). Instead, Plaintiff must establish ACS's independent liability based on a wrongful policy or custom. See Graves v. Thomas, 450 F.3d 1215, 1218 (10th Cir. 2006). Furthermore, ACS will not be held liable under § 1983 solely because its employees inflicted injury. Cf. Monell v. Dep't of Social Servs. of the City of New York, 436 U.S. 658, 694 (1978). In the case of a municipality, a plaintiff must show: 1) the existence of a municipal policy or custom and 2) a direct causal link between the policy or custom and the injury alleged. City of Canton, Ohio v. Harris, 489 U.S. 378, 385 (1989). When the claim is a failure to act, the plaintiff must demonstrate the municipality's inaction was the result of "'deliberate indifference' to the rights of its inhabitants." Id. at 389.

In this case, Plaintiff has not alleged that ACS had any policy or custom of allowing or encouraging any inmate to be harmed. The incident giving rise to Plaintiff's claims appears to have been an isolated incident. An investigation into the incident was undertaken and appropriate disciplinary and employment actions were taken as a result of the investigation. Furthermore, nothing in the complaint reflects that any inaction of ACS was the result of deliberate indifference

to Plaintiff's rights. The Court finds the complaint fails to state a claim against ACS. Therefore, the motion to dismiss filed by Defendant ACS shall be granted.

**ACCORDINGLY, IT IS HEREBY ORDERED** that:

1. Plaintiff's motion to strike the Special Report and motion to dismiss filed by Avalon Correctional Services, Inc. (Dkt. # 31) is **denied**.

2. Defendants Gatewood and Barnes are **dismissed without prejudice** as a result of Plaintiff's failure to effect service of process. See Fed. R. Civ. P. 4(m).

3. Defendant Coffman's motion to dismiss (Dkt. # 25) is **granted**.

4. Defendant Adkins' motion to dismiss (Dkt. # 26) is **granted**.

5. The motion to dismiss filed by Defendant Avalon Correctional Services, Inc. (Dkt. # 27) is **granted**.

6. This is a final Order terminating this action.

DATED THIS 1st day of October, 2009.

TERENCE KERN
UNITED STATES DISTRICT JUDGE